FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -5 P 4: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH RICHARDS BUCK, ET AL                CIVIL ACTION

VERSUS                                     NO: 05-3676

DEUTSCHE BANK NATIONAL TRUST               SECTION: "J"
COMPANY AS TRUSTEE FOR LONG
BEACH MORTGAGE LOAN TRUST
2003-2, ET AL

**ORDER**

Before this Court is plaintiffs' application for a temporary restraining order and preliminary injunction against defendants. This is the third application for a temporary restraining order that plaintiffs have filed on the same claims. For the following reasons, plaintiffs' application for a temporary restraining order is DENIED.

Plaintiffs' first application for a temporary restraining order, in Civil Action No. 05-2986, was denied on July 18, 2005 because plaintiffs failed to comply with the Federal Rule of Civil Procedure 65. Plaintiffs have therefore been aware that they are required to comply with Rule 65 since that date. Nevertheless, plaintiffs' made a second application, in the instant case, which was denied on August 4, 2005 for the same

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Dockets.Justia.com

reasons.

In this, their third application, plaintiffs have attached receipts indicating that they mailed notice to the adverse parties in California today, August 5, 2005. Clearly, then, the adverse parties do not have notice of the application. Further, while plaintiffs insist that the Court should grant a temporary restraining order without notice, they have again failed to comply with Rule 65's requirements for the issuance of such an order.

Finally, as previously noted by Judge Vance, the record also demonstrates that there has been a long history of litigation on plaintiffs' claims in state court, which plaintiffs ultimately lost. Accordingly, the Court finds that there is no justification for issuing a temporary restraining order without notice in this case, and plaintiffs' application for a temporary restraining order is hereby **DENIED**.

The Court will not act on plaintiffs' application for a preliminary injunction unless the adverse parties have been given proper notice under the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this ___5th___ day of August, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE