```
                        FILED
                U.S. DISTRICT COURT
              EASTERN DISTRICT OF LA

              2005 AUG -4  PM 3:41

                LORETTA G. WHYTE
                      CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH RICHARDS BUCK, ET AL                CIVIL ACTION

                                          NO: 05-3676
VERSUS

DEUTSCHE BANK NATIONAL TRUST              SECTION: "R" (3)
COMPANY AS TRUSTEE FOR LONG
BEACH MORTGAGE LOAN TRUST
2003-2, ET AL

ORDER

   Before this Court is plaintiffs' application for a temporary restraining order and preliminary injunction against defendants. This is the second action and application for a temporary restraining order that plaintiffs have filed on the same claims. For the following reasons, plaintiffs' application for a temporary restraining order is DENIED.

   Plaintiffs' first application for a temporary restraining order, in Civil Action No. 05-2986, was denied on July 18, 2005 because plaintiffs failed to comply with the Federal Rule of Civil Procedure 65. Plaintiffs have therefore been aware that they are required to comply with Rule 65 since that date. Although plaintiffs insist that the Court should grant a temporary restraining order without notice, they have again

failed to comply with Rule 65's requirements for the issuance of such an order. Plaintiffs do not certify to the Court what efforts, if any, they have made to give notice to the adverse parties. Further, although plaintiffs assert that a restraining order should be issued without notice because plaintiffs will otherwise be evicted from their home on August 8, 2005, the exhibit that plaintiffs attach to their motion in support of this assertion indicates that the eviction was scheduled to occur on August 1, 2005, a date that has already passed. (*See* Pls.' Mot., Ex. A). Plaintiffs' own submission therefore does not support her assertion that immediate and irreparable injury will occur before the adverse parties may be heard in opposition. Finally, the record also demonstrates that there has been a long history of litigation on plaintiffs' claims in state court, which plaintiffs ultimately lost. Accordingly, the Court finds that there is no justification for issuing a temporary restraining order without notice in this case, and plaintiffs' application for a temporary restraining order is hereby DENIED.

The Court will not act on plaintiffs' application for a preliminary injunction unless the adverse parties have been given proper notice under the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this 4th day of August, 2005.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE